## Bonney v. Weir & Craig Mfg. Co.

1. JURY—*Judges of the Testimony, etc.—Instruction Erroneous, etc.*— The jury are the sole judges of the weight to be given to the testimony of the witnesses and an instruction which invades their province in any respect is erroneous.

2. INSTRUCTIONS—*Relieving the Plaintiff of the Burden of Proof.*— An instruction which intimates that the verdict should be for the appellee if the defense stated was not successful is erroneous.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

LYMAN M. PAINE, attorney for appellant.

PADDEN & GRIDLEY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant was secretary of a building association. One Wloch conveyed to Bonney a lot subject to a mortgage to the association, and the question in this case is whether, as part of the purchase price, Bonney promised to pay to the appellee a judgment it had against Wloch. There is conflicting evidence upon that, but the points to be passed on here are upon the instructions. Wloch having testified that Bonney promised to pay the judgment of the appellee, as well as another one, continued: "After I signed that deed Mr. Bonney took $50 and gave it to Burnette, and says : ' You go with Wloch to his house for Mrs. Wloch to sign that deed, and after she signs that deed explain to her what is going on, and that we pay those judgments; that Mr. Wloch will have no-more bother with anything.' I went with Mr. Burnette to my house, and he said to my wife, ' Mrs. Wloch, sign that deed and we will pay those judgments what is against your husband.' She did not intend to sign in the

first place, and after he explained it to her, she said, 'All right, if you will pay those judgments, well, then I will sign it,' and so she did."

That Burnette was sent with the $50 to procure the signature and acknowledgment of Mrs. Wloch to the deed, is undisputed; but as to any authority to him to do anything more, there is no testimony other than what is quoted.

The court instructed the jury, at the instance of the appellee, as follows:

"2. The jury are instructed that if they believe from the evidence that the defendant, in all his conversations and negotiations with the witnesses, Wloch and wife, was acting in his capacity as secretary for the Douglas Park Building Association, and for such association, and not at all for himself, then the verdict must be for the defendant. But the jury are further instructed that in order to take advantage of this defense, the defendant must show by the evidence that the said witnesses, Wloch and wife, were informed, or had knowledge of the fact that said Bonney was acting for said association, and not for himself.

3. The court instructs the jury that the law is that one who, in respect to another, so conducts himself or his business that third parties are entitled to deem the other his agent, with powers extending to the matters in question, is, as to third parties dealing with the supposed agent, estopped to deny the agency; in other words, is bound by the seemingly authorized agent as though the authority were real; and the court further instructs the jury that if they believe from the evidence that the defendant, Bonney, placed the notary, H. L. Burnette, in such a position that Wloch and wife were justified in believing, and did believe, that said Burnette was the agent of Bonney, then said Bonney is bound by any promises or agreements that said Burnette may have made while acting apparently as such agent, if you further believe he made any promise or agreement in connection with the matter of such apparent agency."

The first of these instructions very strongly intimates that the verdict should be for the appellee, if the defense stated was not successful.

The other instruction, however, is more harmful.

There is no evidence that Mrs. Wloch ever saw Bonney, and therefore there was nothing to justify her in believing that Burnette was the agent of Bonney, and the testimony of Wloch which, as before said, is all there is upon the subject, does not tend to establish any agency of Burnette to make promises and agreements. The effect of the instruction was to give to the testimony of Mrs. Wloch that Burnette promised payment of the judgment as much weight as if she had testified that Bonney had promised. The alleged promise to pay the judgment being the only thing in dispute, her testimony was irrelevant.

Had the controversy been why she signed and acknowledged, her testimony might have been admissible; but that question is not before us.

The judgment is reversed and the cause remanded.